Sucesión Criado, Demandante y Apelada, *v.* Rivera et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre nulidad de título e inscripción en el registro de la propiedad, y daños y perjuicios.

Moción de la demandante y apelada para que se desestime la apelación.

No. 1675.—Resuelto en mayo 21, 1917.

Apelación—Jurisdicción del Tribunal Supremo—Moción.—Apelada una sentencia, la Corte Suprema adquiere jurisdicción para resolver si el recurso se estableció y perfeccionó en tiempo y forma. Tal cuestión puede suscitarse por medio de moción de la parte interesada.

Id.—Id.—Falta de Jurisdicción.—Actúa sin jurisdicción una corte de distrito que aprueba una estipulación de las partes por la que se concede a la apelante un plazo para presentar su exposición del caso, cuando dicha estipulación es archivada después de vencida una prórroga concedida anteriormente con dicho objeto.

Id.—Estipulación de las Partes.—Es la corte y no los abogados la que puede extender el plazo fijado para la presentación de los pliegos de excepciones y de exposición del caso, y aun cuando generalmente la corte aprueba los convenios de los abogados de las partes sobre el particular, no está obligada a ello.

DESESTIMACIÓN DE APELACIÓN—FALTA DE EXPOSICIÓN DEL CASO—FALTA DE RADI-
    CACIÓN DE LOS AUTOS.—Cuando no se ha presentado en tiempo la exposición
    del caso y el término para radicar la transcripción de autos ha vencido sin
    que se hubiera ésta archivado en la secretaría de la Corte Suprema, procede
    la desestimación de la apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Francisco Parra Capó.*

Abogados de la apelada: *Sres. López de Tord & Zayas
Pizarro y R. Rivera Zayas.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

El 16 de febrero de 1917 la Corte de Distrito de Ponce
dictó sentencia en el pleito seguido por la sucesión de Miguel
Criado y Blas contra Juan María Rivera y otro, sobre nu-
lidad de título. La sentencia declaró con lugar la demanda
y se registró el 20 de febrero, notificándose a los demanda-
dos el 21 del mismo mes. El 21 de marzo de 1917 los deman-
dados archivaron su escrito de apelación y el 29 del mismo
mes solicitaron que el término que les concedía la ley para
presentar la exposición del caso se extendiera a treinta días.
La corte accedió y el 20 de abril de 1917, día en que vencía
el término extendido, los abogados de ambas partes firma-
ron un convenio por virtud del cual acordaron que los de-
mandados apelantes podrían disponer de un plazo impro-
rrogable que vencería el día 5 de mayo de 1917 para presen-
tar su exposición. Dicho convenio fué archivado el 21 de
abril y aprobado el mismo día de su presentación por la corte
de distrito.

Basándose en los anteriores hechos que constan de una
certificación expedida por el secretario de la Corte de Dis-
trito de Ponce, la parte demandante y apelada solicita de
este tribunal la desestimación del recurso por haber actuado
sin jurisdicción la corte de distrito al aprobar el 21 de abril
el convenio de las partes sobre prórroga.

La parte apelante se opuso alegando que además de su
moción de desestimación presentada ante este tribunal, la

apelada había pedido a la corte de distrito que declarara nula la aprobación que había impartido al convenio de los abogados, y que la dicha corte por resolución de mayo 1 de 1917, una copia certificada de la cual acompaña, se había negado a ello, por cuyo motivo continuaba tramitándose la exposición del caso en la corte de distrito. Y alegan además los apelantes que esta Corte Suprema no podía declarar la nulidad del convenio o de su aprobación sino en virtud de un recurso de apelación o de *certiorari* establecido contra la decisión de la corte inferior.

El día 7 de mayo actual se celebró la vista de la moción de la apelada, con la sola asistencia de su abogado, quedando el caso sometido definitivamente a nuestra consideración y resolución.

Apelada la sentencia dictada por la corte de distrito, esta Corte Suprema tiene jurisdicción para resolver si el recurso se estableció y perfeccionó en tiempo y forma, a virtud de moción de la parte interesada. Convenimos con los apelantes en que en un caso como el presente hubiera sido más propio dirigirse a la Corte Suprema por medio de un recurso de *certiorari*, pero habiéndose acompañado a la moción de la apelada los documentos necesarios y habiendo tenido los apelantes la oportunidad de defenderse y de presentar como han presentado plenamente su caso, estamos en condiciones y no debemos por consiguiente rehusar la consideración y resolución de la cuestión esencial propuesta por la parte apelada. Véase *Ex parte Deliz et al.* v. *Franco,* 21 D.. P. R. 526.

El párrafo primero del artículo 299 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1911, que es la ley aplicable, dice así:

"Archivada que sea una apelación contra una sentencia de una corte de distrito, la parte apelante dentro de los diez días siguientes a su archivo o de la prórroga que en su caso se le conceda por la corte, deberá presentar a ésta, entregando a la vez copia a la parte contraria, un pliego en el que hará constar las excepciones tomadas durante el curso del caso y una exposición de éste"

El término fijado por la ley es, pues, el de diez días, teniendo la corte la facultad de prorrogarlo de acuerdo con las circunstancias que concurran.

Es la corte y no los abogados la que puede extender el plazo fijado por el estatuto. Generalmente la corte aprueba los convenios de los abogados de las partes, pero esto no quiere decir que esté obligada a aprobarlos. Ya dijimos en el caso de *González* v. *Acha et al.,* 19 D. P. R. 1208, 1211, que "Es una regla bien establecida que después de vencido un término no puede prorrogarse. Las prórrogas deben solicitarse antes de vencerse el término. Y es otra regla bien establecida que los convenios sobre prórrogas celebrados por los abogados no obligan a las cortes."

En el presente caso la corte de distrito aceptó y aprobó el convenio, pero ¿pudo hacerlo como lo hizo el día 21 de abril, cuando ya había vencido el término prorrogado por ella misma? Si el convenio se hubiera archivado en la secretaría dentro del término prorrogado, la corte hubiera tenido esa facultad, pero habiéndose radicado después de vencido dicho término, había ya perdido claramente su jurisdicción y en tal virtud puede prescindirse de todo lo actuado por ella por ser enteramente nulo.

Esta cuestión ha sido ya resuelta de modo tan terminante por esta corte, que sólo rectificando la regla establecida en el caso de *Pardo* v. *Pardo,* 19 D. P. R. 1188, y ratificada en el de *Ex parte Deliz et al.* v. *Franco, supra,* podríamos declarar sin lugar la contención de la parte apelada.

En tal virtud, no pudiendo la prórroga concedida surtir efecto alguno, es necesario concluir que no se presentó la exposición del caso en tiempo, y en su consecuencia que procede la desestimación del recurso, ya que no existiendo exposición del caso, el término para radicar los autos venció treinta días después del en que se interpuso la apelación. (Párrafo último del artículo 299 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1911, y artículo

203 del propio código; sección 40 del Reglamento del Tribunal Supremo, 17 D. P. R. LXX; *Ciuró* v. *Ciuró, 20* D. P. R. 38, y *Ex parte Deliz et al.* v. *Franco, supra.*) La apelación se interpuso el 21 de marzo de 1917. El término venció. el 20 de abril de 1917. La moción de desestimación fué archivada en esta Corte Suprema el 23 de abril de 1917 y ni en esa fecha ni en el día 7 de mayo en que se celebró la vista de la moción, ni aún, el apelante ha archivado la transcripción de los autos en la secretaría de esta Corte Suprema.

Debe desestimarse. el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.