José Fernández Rodríguez, demandante y apelante, v. Alonso Riera & Co., y Policarpio Marrero, demandados y apelados.

No. 4569.—*Visto:* Abril 30, 1928. *Resuelto:* Mayo 4, 1928.

*Adrián Agosto,* abogado del apelante; *López de Tord & Zayas Pizarro,* abogados del apelado Alonso Riera & Co.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

En este caso, Alonso Riera & Co., uno de los apelados, pide la desestimación del recurso, fundándose en que de las muchas prórrogas que el apelante solicitó para presentar la exposición del caso, las cuatro primeras, concedidas por la corte, son nulas, por la forma genérica en que fueron solicitadas y obtenidas, y la estipulación hecha por las partes para que el apelante tuviera un término hasta el 31 de oc-

tubre de 1926 para presentar su exposición del caso, no tiene valor alguno por no haber sido aprobada por la corte; y la prórroga que se solicitó en 1º. de julio de 1926, tampoco fué concedida por la corte, y no tiene valor alguno. Alega además que la exposición del caso fué presentada en 8 de julio de 1927, y hasta la fecha de la moción han transcurrido más de ocho meses, sin que se haya aprobado, ni señalado fecha para su aprobación, ni hecho gestión a ese fin por el apelante. La moción tiene fecha de 3 de abril, 1928, y a ella se une certificación del Secretario de la Corte de Distrito de San Juan, para comprobar los extremos de aquélla.

En 30 del mismo mes de abril, la parte apelante presentó su oposición a la desestimación, negando que las prórrogas fueran pedidas de una manera genérica, sosteniendo que la estipulación fué eficaz, y lo fueron las prórrogas que se pidieron y obtuvieron después, alegando que se había presentado la exposición del caso, y no se había aprobado hasta mucho después por razón de ausencia del Juez Muñoz, que fué el que oyó el caso; y sosteniendo que el abogado del apelante no ha sido negligente. A esa oposición se une certificación del Secretario de la Corte de Distrito de San Juan como comprobante de lo alegado. Entre otros extremos, aparece de ella, que la exposición del caso fué aprobada en 19 de abril de 1928.

No tenemos ante nosotros nada que nos indique que la estipulación hecha por los abogados para extender el término para presentar la exposición del caso estuviera fuera de término, lo que privaría a la corte de jurisdicción para tal extensión, siendo entonces de estricta aplicación lo dicho y resuelto por este tribunal en el caso de *Sucesión Criado* v. *Rivera et al.,* 25 D.P.R. 254. Sin duda alguna, como se dijo en aquel caso, es la corte, y no los abogados, la que puede extender el plazo fijado por el estatuto. Pero aquí la corte concedió después varias prórrogas, lo que indica que la estipulación estaba implícitamente aprobada.

La regla 27 de las cortes de distrito mantiene que los convenios entre los abogados no tienen fuerza, a menos que se hagan por escrito, o en corte abierta y formando parte del récord. En este caso la estipulación aparece hecha por escrito y unida al récord.

La práctica de extender por estipulación los términos que a la corte toca extender, no es la correcta, y no deben los abogados seguirla, ni las cortes alentarla.

De todas formas, no creemos que la parte que suscribió una estipulación pueda luego atacarla.

■ En lo que hace relación a las cuatro primeras prórrogas, no encontramos que fueran solicitadas u obtenidas en forma que no se puedan precisar su principio, su término y su finalidad u objeto. Aparece que se señala el término o plazo por el que se pide la prórroga, 30 días o 60 días, que se empiezan a contar desde la terminación de la prórroga ya concedida, y que se solicita para presentar la exposición. Es bastante, sin que sea necesario decir exactamente el día o fecha en que se empieza a contar, y el en que ha de terminar.

■■ En cuanto a las prórrogas concedidas después de la estipulación, como la petición se basa en la nulidad de aquélla, queda resuelta en contra de la peticionaria.

No parece que la parte apelante haya sido negligente en solicitar la aprobación de la exposición del caso. El juez que había de aprobarla estaba fuera de la corte, y la parte esperó la ocasión propicia para gestionar. Conviene, no obstante, hacer constar que la Regla 65 de las de este Tribunal, en armonía con el artículo 219 del Código de Enjuiciamiento Civil, da a los apelantes un procedimiento para lograr la aprobación del caso, cuando el juez que decidió falleciere, o fuere depuesto, o se ausentare de la isla, o se negare a aprobar.

Por esas razones, debe declararse *sin lugar la moción de desestimación.*